## Rinehart v. Rinehart

*Robert W. Geigley*, for plaintiff.

MacPHAIL, P. J., November 4, 1974.—In this action for divorce a.v.m., which is not contested, plaintiff has alleged premarital fraud as grounds for the award of a decree: Act of May 2, 1929, P. L. 1237, 23 PS

§10(g). Specifically, plaintiff testified that defendant told her that if she agreed to marry him he would provide her with a home and furniture and that he would get a job. At the time of this alleged conversation, plaintiff was 18 years of age. Plaintiff says she relied upon these representations and the parties were married on July 16, 1973. They lived together until August 6, 1973, when plaintiff decided that she could no longer live with her husband because he did not obtain a steady job, did not support her, and they lived with defendant's family rather than in a place of their own.

Historically, Pennsylvania courts have adhered to the rule announced in Allen's Appeal, 99 Pa. 196 (1882), that the fraud which will justify a divorce must be in the "essentialia" of the contract. It must be a misrepresentation of such a gross nature that the consummation of the marriage would be dangerous, onerous or impossible. Moreover, where the fraud alleged relates to some future conduct or condition, plaintiff must prove by clear and satisfactory evidence that defendant willfully and deliberately misrepresented the existing state of his mind at the time the representation was made: Mine v. Mine, 18 Beaver 168 (1956).

In the case at bar, the representations of defendant which induced plaintiff to marry him were hardly more than promises of marital bliss made by most prospective husbands. Furthermore, a three-week "trial run" is hardly sufficient time to determine whether the representations were, indeed, fraudulent or not. The facts here are easily distinguished from Keeney v. Keeney, 29 D. & C. 2d 538 (1962), the case relied upon by plaintiff. There, the court had no difficulty in finding that defendant at the time of marriage never intended to remain married, to cohabit or to assume any responsibilities of marriage. According to the court,

her sole objective was to obtain a divorce with alimony as soon after the marriage as possible. Indeed, that would be fraud in the "essentialia."

While plaintiff has failed to make out her case on the ground of fraud, we did comment at the time of the hearing, that the testimony offered, if expanded upon, may warrant the award of a decree on the ground of indignities. Accordingly, the following order will be entered:

## ORDER OF COURT

And now, November 4, 1974, the court finds that plaintiff's evidence is insufficient to justify the entry of a decree in divorce on the ground of fraud. Leave is granted to plaintiff to file an amended complaint within 30 days of this order. If no amended complaint is filed within the time specified, the case will be dismissed.